**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**JONATHAN HOUSE**                                                    **MOVANT/DEFENDANT**

**v.**                                                    **CRIMINAL ACTION NO. 4:04CR-13-M**
                                                    **CIVIL ACTION NO. 4:09CV-P43-M**

**UNITED STATES OF AMERICA**                              **RESPONDENT/PLAINTIFF**

<u>**MEMORANDUM OPINION**</u>

Movant Jonathan House initiated the instant action by filing a motion to vacate, set aside,

or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 36).  As his sole ground of contention,

Movant alleges:

> I am not a violent criminal.  I have willing attended the 500 Hr RDAP and feel
> that I am ready to be in society again.  Ninth Circuit Court of Appeals made a
> decision in favor of this sentence reduction.  This Law was not in effect at the
> time of my Judgment of Conviction and further I did not appeal.

At a later point on the § 2255 form, Movant continues:

> [T]he Ninth Circuit Court of Appeals passed the law that although you have a
> firearm charge you are eligible for one year off your sentence for attending the
> 500 Hour RDAP.  I will complete this program the first of July.  I have worked
> hard while being in prison, I have obtained my GED, completed the HVAC
> program ad received many certificates for accomplishments.  If I could get the
> one (1) year off my sentence for attending the RDAP program I would be eligible
> for half-way house or home confinement upon completion of this program.  I feel
> I am now ready to be a part of society again. . . .
>
> I have worked hard during my imprisonment and while in the RDAP program and
> feel that I deserve the one year off just like everyone else that attended the
> program.  I am not a violent criminal and feel I qualify to be classified as a non-
> violent offender.

"The RDAP [Residential Drug Abuse Program] is a program set up to effectuate a statute, which provides that the BOP [Bureau of Prisons] may grant a reduction in sentence of up to one year, for any prisoner who was convicted of a 'non-violent offense' and successfully completed a substance abuse treatment program." *Cushenberry v. Fed. Med. Ctr.*, 530 F. Supp. 2d 908, 910 (E.D. Ky. 2008) (quoting 18 U.S.C. § 3621(e)(2)(B)).

Upon review, the Court concludes that, although Movant brings his action pursuant to 28 U.S.C. § 2255 (which is used to challenge the validity of a sentence), Movant is actually challenging the execution of his sentence. "[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant [] is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply."). The Court, therefore, construes the action as being brought as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Cushenberry*, 530 F. Supp. 2d 908 (federal inmate filed petition for writ of habeas corpus under § 2241 challenging BOP's decision to deny him consideration for sentence reduction based on his completion of substance abuse treatment program under 18 U.S.C. § 3621(e)(2)(B)); *Sinclair v. Eichenlaub*, No. 2:07-CV-12967, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008) (petitioner filed § 2241 petition challenging BOP's decision to deny him early release benefits under 18 U.S.C. § 3621(e)).

Having construed the petition as one under § 2241, the Court concludes that it is without jurisdiction to entertain the matter. "[C]laims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (citations omitted);

*Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute []

confirms the general rule that for core habeas petitions challenging present physical

confinement, jurisdiction lies in only one district:  the district of confinement.").  In the present

case, Movant is in the custody of the Federal Prison Camp in Beckley, West Virginia, which is

located in the Southern District of West Virginia.  *See* 28 U.S.C. § 129.

Pursuant to 28 U.S.C. § 1631, "Whenever a civil action is filed in a court . . . and that

court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice,

transfer such action . . . to any other such court in which the action . . . could have been brought

at the time it was filed or noticed, . . . ."  The Court concludes that the interest of justice will not

be served by transferring this matter because Movant has already filed a § 2241 petition for writ

of habeas corpus in the Southern District of West Virginia on the very issue raised in the instant

action.[1]  *See House v. Fed. Bureau of Prisons et al.*, Civil Action No. 5:09CV-0132 (filed Feb.

13, 2009).

The Court will enter a separate Order consistent with the Memorandum Opinion.

Date:

cc:     Movant, *pro se*
        U.S. Attorney
4414.005

---

[1]In the § 2241 petition pending in the Southern District of West Virginia, Petitioner House moves
the court, in part, "[t]o direct the Warden to find that the Petitioner is eligible for a sentence reduction
pursuant to § 3621(e) based on the Ninth Circuit Court of Appeals decision in Arrington v. Daniels, 516
F.3d 1106 (9th Cir. 2008); . . ."